ADAMS ET AL., APPELLANTS, v. FUNK ET AL., APPELLEES.

(No. 10752—Decided March 24, 1969.)

*Mr. Melvin G. Rueger* and *Mr. Robert W. Worth*, for appellants.

*Mr. John D. Harmon*, city solicitor, for appellees.

SHANNON, P. J. This is an appeal on questions of law from the Court of Common Pleas of Hamilton County, wherein a judgment for defendants had been rendered in a suit by a school district to recover tuition.

All the facts essential to the resolution of the issues were stipulated.

The plaintiffs in the action constitute the Board of Education of the Forest Hills School District of Hamilton County, and the defendants are all the members of the Norwood City School District of Norwood.

Richard and Mary Smith are father and mother of four minor children, and, on July 23, 1965, by order of the Court of Domestic Relations of Butler County, Richard Smith was granted their custody, *pendente lite*, for the "sole purpose" of admitting the children to an orphanage in Hamilton County.

Thereafter, the four children were placed in the General Protestant Orphan Home, located within the Forest Hills School District and at all times during the school year 1965-1966 lived there and attended school in the district.

At all times during the school year 1965-1966, the legal residence of Richard Smith was within the Norwood City School District.

The action below was brought upon the refusal of Norwood to reimburse Forest Hills for the tuition.

The basic question is: In what school district were the children school residents?

The Legislature has set forth the definitions needed to answer the question in Section 3313.64, Revised Code:

"The schools of each city, exempted village, or local school district shall be free to all *school residents* between six and twenty-one years of age, but the time in the school year at which beginners may enter upon the first year's work of the elementary school shall be subject to the rules and regulations of the board of education. *School residents shall be all youth who are children or wards of actual residents of the school district.* District of school residence shall be the school district in which a school resident is entitled to attend school free. Inmates of the proper age of county, semipublic, and district children's homes shall be admitted after the manner described in Section 3313.65 of the Revised Code. The board may admit the inmates of a private children's home or institution located in the district, provided any child who is an inmate of such a home or institution and previous to admission was a school resident of the school district in which such home or institution is located shall be entitled to free education; and, provided any such inmate who attends the public schools was, prior to admission to such home or institution, a *school resident* of another school district of the state, tuition shall be paid by such school district in the manner provided for the payment of tuition by Section 3317.08 of the Revised Code. * * *" (Emphasis ours.)

Subsequent to the matter quoted above, there appears in the same Code section the answer to the problem raised by the suit:

"* * * A child who is an inmate of a county, semipublic, or district children's home and who at the time of placement in such home was a school resident of the district in which such home is located shall be entitled to an education at the expense of such school district; *any other inmate of such home shall be educated at the expense of the school district in which he was a school resident at the time of placement. * * *"* (Emphasis ours.)

Since school residents are children or wards of actual residents of a school district, and, by stipulation, Richard Smith was both father and court-designated custodian of the children involved and was an actual resident of Norwood at the time of placement in the institution, the children were school residents of the Norwood District.

It is obvious that the Code merely reflects the long accepted precept that minor children, ordinarily, acquire no legal residence apart from that of the father or other legal guardian.

Consequently, the Norwood City School District is obliged, by statute, to pay the tuition because Richard Smith was an actual resident therein, and, even though his children did not live with him, they were school residents of such district. The Legislature has provided that the actual residence of the parent or guardian determines which school district is responsible for the education of a child; then, perforce, the place of abode of the children is not material.

The court below erred in its judgment for the defendants, and, therefore, such is reversed. Final judgment is rendered by this court for the plaintiffs, appellants herein, against the defendants, appellees herein, and the Norwood City School District is ordered to reimburse the Forest Hills School District for the statutorily computed tuition for the education of the children, plus interest.

*Judgment reversed.*

HILDEBRANT and HESS, JJ., concur.